723 So.2d 123 (1998)
STANDARD JURY INSTRUCTIONS IN CRIMINAL CASES (97-2).
No. 91815.
Supreme Court of Florida.
July 16, 1998.
Honorable Philip J. Padovano, Chair, Supreme Court Committee on Standard Jury Instructions in Criminal Cases, for Petitioner.
William D. Matthewman, Miami, John H. Gutmacher, Orlando, Bob Dillinger, Public Defender, Sixth Judicial Circuit, Clearwater, and Arthur I. Jacobs, General Counsel for Florida Prosecuting Attorneys Association, Fernandina Beach, Responding.
PER CURIAM.
The Supreme Court Committee on Standard Jury Instructions in Criminal Cases has submitted the following proposed amendments to the Florida Standard Jury Instructions in Criminal Cases:
1. A revised Schedule of Lesser Included Offenses.[1]
2. A New Instruction on Duress or Necessity.
3. A Supplemental Instruction on Penalty Phase Proceedings.
4. An Amended Instruction on Entrapment.
5. An Amended Instruction on False Imprisonment.
6. Amended Instructions Relating to DUI.
7. A New Instruction on Sexual Activity with a Minor.
The foregoing list of proposed amendments was published in The Florida Bar News and comments were received. The Committee considered the comments and revised proposed amendments were published in The Florida Bar News on January 15, 1998. Several new comments were filed with this Court. In addition to some technical changes, the Court on its own motion has modified the proposed instructions as explained below.
First, the word "intentionally" has been added to the first element in the Committee's proposed new instruction on duress and necessity. Second, in the amended instruction on entrapment, the Court has changed the term "police" in the definition of information to "law enforcement." The instruction now reflects that an informant is an agent of law enforcement for the purposes of the entrapment defense.
With these changes, the Court hereby adopts the proposed amendments as set forth in the appendix attached to this opinion and approves them for publication. In doing so, we express no opinion on the correctness of these instructions and remind all interested parties that this approval forecloses neither requesting additional or alternative instructions nor contesting the legal correctness of the new instructions.
Accordingly, the new instructions are appended to this opinion and will be effective on the date this opinion is filed. The new language is indicated by underscoring; deletions are indicated by strike-through type.
It is so ordered.
HARDING, C.J., and OVERTON, SHAW, KOGAN, WELLS, ANSTEAD and PARIENTE, JJ., concur.

APPENDIX

SCHEDULE OF LESSER INCLUDED OFFENSES

COMMENT ON SCHEDULE OF LESSER INCLUDED OFFENSES
One of the difficult problems in instructing a criminal jury is to make certain that it is properly charged with respect to the degrees *124 or categories of guilt that may be applicable to a given crime. The supreme court in Brown v. State, 206 So.2d 377 (Fla.1968) described these categories as follows:
1. Crimes divisible into degrees
2. Attempts to commit offenses
3. Offenses necessarily included in the offense charged
4. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence.
Because it is often so difficult to determine these categories, the committee prepared a list of the offenses applicable to each of the crimes for which standard jury instructions had been drafted. At the same time, the committee recommended treating lesser degrees as category 3 or 4 offenses depending on the offense and treating attempts as a category 4 offense, thereby eliminating the first two Brown categories as separate categories. In its opinion dated April 16, 1981, in which it approved the new standard jury instructions, the supreme court also approved the schedule of lesser included offenses and accepted the recommendation of the committee to consolidate the four Brown categories into two categories. The supreme court directed that the four categories should be renumbered and designated as follows:
1. Offenses necessarily included in the offense charged, which will include some lesser degrees of offenses.
2. Offenses which may or may not be included in the offense charged, depending on the accusatory pleading and the evidence, which will include all attempts and some lesser degrees of offenses.
The court also directed that the appropriate Florida Rules of Criminal Procedure be amended to accommodate these changes. The categories of the offenses which appear on the schedule of lesser included offenses have been renumbered and designated according to the supreme court mandate.
In determining the appropriate lesser offenses for inclusion in the table, the committee followed certain guidelines: 1. No offense is deemed to be a lesser offense if it carries the same penalty as the crime under consideration. See Ray v. State, 403 So.2d 956 (Fla.1981); State v. Carpenter, 417 So.2d 986 (Fla.1982).
2. If the definition of the crime includes the attempt or the endeavor to commit the crime, there can be no separate offense of an attempt to commit that crime, e.g., uttering, forgery, grand theft second degree, delivery of controlled substance.
3. Certain crimes do not have attempts, e.g., culpable negligence, extortion, perjury, corruption by threat against public servant, resisting officer with violence, and conspiracy.
4. Except as stated above, attempts to commit crimes generally are included unless the evidence conclusively shows that the charged crime was completed. In such case, attempt should not be instructed.
5. Some statutes provide that the penalty for certain crimes is enhanced if certain events occur during their commission. For example, under F.S. 810.02 burglary is a felony of the first degree if the burglar makes an assault or is armed with explosives or dangerous weapons. If these events do not occur but burglary is committed in a dwelling occupied by human beings, the offense is a felony of the second degree. All other burglaries are felonies of the third degree. Thus, if a defendant is charged with first degree burglary by virtue of having made an assault during the course of the burglary, the jury should be permitted to return a verdict for simple third degree burglary without the enhancement of the assault. In practice, this is similar to the concept of lesser included offenses, but since statutes of this type are couched in terms of enhancement, the schedule does not carry the lower degrees of the offenses proscribed by those statutes as lesser included offenses.
6. Under Knight v. State, 338 So.2d 201 (Fla.1976), felony murder is included within a single indictment count of premeditated murder. Therefore, first degree felony murder should be given if requested by the state and if supported by the evidence, although it is not a lesser included offense.

*125
 TABLE OF LESSER INCLUDED OFFENSES
 SECTION CHARGED CATEGORY 1 CATEGORY 2
 OFFENSE
316.193(1) Driving under None Attempt
 the influence
316.193(2)(b) Felony DUI prior None Attempt
 convictions
316.193(3)(c) DUI with damage DUI - 316.193(1) None
(1) to property
 or person
316.193(3)(c) DUI with serious DUI - 316.193(1) DUI- 316.193(3)(c)(1)
(2) bodily injury
316.193(3)(c) DUI manslaughter DUI - 316.193(1) DUI serious bodily injury
(3) - 316.193(3)(c)(2)
 DUI damage to person
 or property -316.193(3)(c)
 Vehicular homicide -782.071
550.361 Bookmaking on None Attempt
 grounds of permit
 holder
 (adapted from
 former 849.24)
782.04(1) First degree Second degree (depraved Second degree
 (premeditated) mind) murder (felony) murder -782.04(3)
 murder - 782.04(2) Third degree (felony
 Manslaughter -782.07 murder) - 782.04(4)
 Vehicular homicide -782.071
 (Nonhomicide lessers)
 Attempt
 Culpable negligence -784.05(2)
 Aggravated battery
 784.045
 Aggravated assault -784.021
 Battery - 784.03
 Assault - 784.011
782.04(1) First degree Second degree (depraved Second degree
 (felony) murder mind) murder- 782.04(2) (felony) murder -782.04(3)
 Manslaughter -782.07 Third degree (felony)
 murder - 782.04(4)
 (Nonhomicide lessers)
 Aggravated battery -784.045
 Aggravated assault -784.021
 Battery - 784.03
 Assault - 784.0111

*126
782.04(1)(a) & Attempted first Attempt second degree Aggravated assault -
777.04 degree (premeditated) (depraved 784.021
 murder mind) murder - Aggravated battery -
 782.04(2) & 777.04 784.045
 Attempt voluntary Assault - 784.011
 manslaughter - Battery - 784.03
 782.07 & 777.04
782.04(2) Second degree Manslaughter - 782.07 Third degree
 (depraved mind) (felony) murder - 782.04(4)
 murder
 Vehicular homicide - 782.071
 (Nonhomicide lessers)
 Attempt
 Culpable negligence - 784.05(2)
 Aggravated battery - 784.045
 Aggravated assault - 784.021
 Battery - 784.03
 Assault - 784.011
782.04(3) Second degree None Third degree (felony)
 (felony) murder murder - 782.04(4)
782.051 Felony causing None Felony causing bodily
 bodily injury injury - 782.051(2)
 Felony causing bodily
 injury - 782.051(3)
782.04(4) Third degree None Aggravated assault -784.021
 (felony murder) Battery - 784.03
 Assault - 784.011
782.07 Manslaughter None Vehicular homicide - 782.071
 (Nonhomicide lessers)
 Attempt
 Aggravated assault - 784.021
 Battery - 784.03
 Assault - 784.011
 Culpable negligence - 784.05(1)
 Culpable negligence - 784.05(2)
782.071 Vehicular Homicide Reckless driving - 316.192 Culpable negligence - 784.05(1)
 Culpable negligence - 784.05(2)
784.011 Assault None Attempt
784.021(1)(a) Aggravated Assault - 784.011 Attempt Improper exhibition
 assault of dangerous
 weapons or firearms - 790.10
 Discharging firearms in
 public - 790.15

*127
784.021(1)(b) Aggravated Assault - 784.011 Attempt
 assault
784.03 Battery None Attempt
784.045(1)(a) Aggravated Battery - 784.03 Attempt
1 battery
784.045(1)(a) Aggravated Battery - 784.03 Attempt
2 battery Improper exhibition of
 dangerous weapons or
 firearms - 790.10
784.045(1)(b) Aggravated Battery - 784.03 Attempt
 battery
784.048(2) Stalking None Attempt
784.048(3) Aggravated Stalking - 784.048(2) Attempt
 stalking Assault - 784.011
 Improper exhibition of
 dangerous weapon -790.10
784.048(4) Aggravated Stalking - 784.048(2) Attempt
 stalking Violation of injunction
 for protection against
 domestic violence - 741.31(4)
784.05(2) Culpable Culpable negligence None
 negligence - 784.05(1)
784.07(2) Assault of law Assault - 784.011 Attempt
 enforcement
 officer
784.07(2) Battery of law Battery - 784.03 Attempt
 enforcement
 officer
784.07(2)(c) Aggravated Aggravated Attempt
 assault on law assault - 784.021 Improper exhibition of
 enforcement Assault on law dangerous weapons or
 officer enforcement firearms - 790.10
 officer - 784.07(2)(a) Discharging firearms in
 Assault - 784.011 public - 790.15
784.07(2)(d) Aggravated Aggravated Attempt
 battery on law battery - 784.045 Improper exhibition of
 enforcement Battery on law dangerous weapons or
 officer enforcement firearms - 790.10
 officer Discharging firearms in
 784.07(2)(b) public - 790.15
 Battery - 784.03
784.08(2)(a) Aggravated Aggravated Attempt
 battery on battery - 784.045 Improper exhibition of
 person 65 years Battery on dangerous weapons or
 of age or older person 65 years firearms - 790.10
 of age or older Discharging firearms in
 - 784.08(2)(c) public - 790.15
 Battery - 784.03
784.08(2)(b) Aggravated Aggravated Attempt
 assault on assault - 784.021 Improper exhibition of
 person 65 years Assault on dangerous weapons or
 of age or older firearms - 790.10

*128
 person 65 years Discharging firearms in
 of age or older public - 790.15
 - 784.08(2)(d)
 Assault - 784.011
784.08(2)(c) Battery on person Battery - 784.03 Attempt
 65 years of
 age or older
784.08(2)(d) Assault on person Assault - 784.011 Attempt
 65 years of
 age or older
787.01 Kidnapping False Attempt
 imprisonment - 787.02 Aggravated assault - 784.021(1)(b)
 Battery - 784.03(1)(a)
 Assault - 784.011
787.02 False None Attempt
 imprisonment Battery - 784.03(1)(a)
 Assault - 784.011
790.01(1) Carrying concealed None Attempt
 weapons
790.01(2) Carrying concealed None Attempt
 firearms
790.06 Carrying pistol None Attempt
 or repeating rifle
 without first
 obtaining license
790.07(1) Persons engaged None Attempt (may be applicable
 in criminal when concealed
 offense, having weapon is charged)
 weapons Carrying concealed
 weapons - 790.01(1)
 Improper exhibition of
 dangerous weapons -790.10
790.07(2) Persons engaged None Attempt (may be
 in criminal applicable when concealed
 offense, having firearm is
 weapons charged)
 Carrying concealed firearm
 - 790.01(2)
 Improper exhibition of
 dangerous firearms -790.10
790.10 Improper None Attempt
 exhibition of Assault - 784.011
 weapon
790.15 Discharging None Attempt
 firearms in public
790.161(1) Possessing, None None
 throwing, making,
 placing,
 projecting, or
 discharging destructive
 device
790.161(2) Possessing, Possessing, throwing, Aggravated assault - 784.021
 throwing, making, making, placing, Assault - 784.011
 placing, projecting, or

*129
 projecting, or discharging destructive
 discharging destructive device - 790.161 (1)
 device
790.161(3) Possessing, Possessing, throwing Possessing, throwing,
 throwing, making making, placing, making, placing,
 placing projecting, or projecting, or discharging
 projecting, or discharging destructive destructive device -
 discharging destructive device 790.161(2)
 device 790.161(1) Aggravated assault -
 784.021
 Assault - 784.011
790.161(4) Possessing, Possessing, throwing, Possessing, throwing,
 throwing, making, making, placing, making, placing, projecting,
 placing, projecting, or or discharging destructive
 projecting, or discharging destructive device - 790.161(2)
 discharging destructive device - 790.161(1) Aggravated assault - 784.021
 device Possessing, throwing, Assault - 784.011
 making, placing,
 projecting, or
 discharging destructive
 device - 790.161(3)
790.162 Threat to throw, None Attempt
 project, place, Assault - 784.011
 or discharge any
 destructive device
790.163 False reports of None None
 bombing
790.164 False reports of None Attempt
 bombing or arson False reports of bombing
 or other violence - 790.163
 to property
 owned by the
 State
790.17 Furnishing None Attempt
 weapons to minors
 under 18
 years of age,
 etc.
790.18 Selling arms to None Attempt
 minors by dealers
790.19 Shooting or None Attempt
 throwing missiles Discharging firearm in
 in dwelling public - 790.15
790.221 Possession of None Attempt
 forbidden firearms
790.23 Felons; possession None Attempt (may be applicable
 of firearms when concealed
 unlawful; exception; weapon is charged)
 penalty Carrying concealed firearm - 790.01(2)

*130
794.011(2)(a) Sexual battery - victim Battery - 784.03 Sexual battery - 794.011(5)
(b) under 12 Attempt
 Assault - 784.011
 Aggravated assault - 784.021(1)(a)
 Aggravated battery - 784.045(1)(a)
794.011(3) Sexual battery - victim Sexual battery-794.011(5) Sexual battery - 794.011(2)(b)
 over 12 - weapon Battery - 784.03 Attempt
 or force Aggravated battery -784.045(1)(a)
 Aggravated assault -784.021(1)(a)
 Assault - 784.011
 Sexual battery -794.011(4)
794.011(4) Sexual battery-victim Sexual battery-794.011(5) Attempt
 over 12 - special Battery - 784.03 Aggravated assault -784.021(1)(a)
 circumstances Assault - 784.011
794.011(5) Sexual battery-victim Battery - 784.03 Attempt
 over 12 - without
 force
800.02 Unnatural and None Attempt
 lascivious act
800.03 Exposure of None Unnatural and lascivious
 sexual organs act - 800.02
800.04 Lewd, None Attempt
 lascivious, or Assault - 784.011
 indecent Battery - 784.03
 assault or act Unnatural and
 upon or lascivious
 in presence of act - 800.02
 child
806.01(1) Arson None Arson 806.01(2)
 Attempt
 Criminal mischief -806.13(1)(b)1
 Criminal mischief -806.13(1)(b)2.
 Criminal mischief -806.13(1)(b)3.
 Criminal mischief -806.13(2)
806.111 Arson - Fire None Attempt
 bomb
806.13(1)(b)1 Criminal mischief None Attempt
806.13(1)(b)2 Criminal mischief Criminal mischief - Attempt
 806.13(1)(b)1
806.13(1)(b)3 Criminal mischief Criminal mischief - Attempt
 806.13(1)(b)1
 Criminal mischief -
 806.13(1)(b)2
810.02(2) Burglary with Burglary - 810.02(4) Aggravated battery - 784.03

*131
 assault or Battery - 784.03
 battery or while Aggravated assault - 784.021
 armed Assault - 784.011
 Attempt
 Burglary - 810.02(3)
 Trespass - 810.08(2)(a)
 Trespass - 810.08(2)(c)
810.02(3) Burglary of Burglary - 810.02(4) Attempt
 dwelling Burglary - 810.02(3)
 Burglar Trespass - 810.08(2)(a)
 structure or Trespass - 810.08(2)(b)
 conveyance with
 human being inside
810.02(4) Burglary None Attempt
 Trespass - 810.08(2)(a)
810.06 Possession of None None
 burglary tools
810.08 Trespass in None Attempt (except refuse
 structure or to depart)
 conveyance
810.09 Trespass on None Attempt
 property other
 than structure
 or conveyance
812.014(2)(a) Grand theft - first Grand theft - second Trade secrets - 812.081
 degree degree - 812.014(2)(b)
 (property Grand theft - third
 valued at $100,000 degree - 812.014(2)(c)
 or more) (1), (2), (3)
 Petit theft - first
 degree
 812.014(2)(e)
 Petit theft - second
 degree - 812.014(3)(a)
812.014(2)(b) Grand theft - second Grand theft - third Trade secrets - 812.081
 degree degree - 812.014(2)(c)
 (property (1), (2), (3)
 valued at $20,000 Petit theft-first
 or more but degree
 less than $100,000 812.014(2)(e)
 Petit theft - second
 degree
 812.014(3)(a)
812.014(2)(c) Grand theft -third Petit theft -first Trade secrets - 812.081
 degree degree Trespass to
 812.014(2)(e) conveyance - 812.014(2)(c)(6)
 Petit theft - second
 degree
 812.014(3)(a)

*132
812.014(2)(d) Grand theft third None Petit theft - second degree-812.014(3)(a)
 degree
812.014(2)(e) Petit theft - first None Petit theft - second degree - 812.014(3)(a)
 degree
812.014(3)(b) Petit theft None None
812.014(3)(a) Petit theft - second None None
 degree
812.014(3)(c) Felony Petit None Petit theft - first degree - 812.014(2)(e)
 theft Petit theft - 812.014(3)(b)
 Petit theft - second degree - 812.014(3)(a)
812.016 Possession of altered None Attempt
 property
812.019(1) Dealing in stolen None Grand theft - third degree - 812.014(2)(c)
 property trafficking Petit theft - 812.014(2)(e)
 Petit theft - 812.014(3)(a)
812.019(2) Dealing in stolen Dealing in stolen None
 property managing property - 812.019(1)
 and
 trafficking
812.13(2)(a) Robbery with a Robbery with a Attempt
 firearm or weapon - 812.13(2)(b) Grand theft 1st
 deadly weapon Robbery degree - 812.014(2)(a)
 812.13(2)(c) Grand theft 2d degree - 812.014(2)(b)
 Petit theft - Grand theft 3d degree - 812.014(2)(c)
 812.014(3)(a) Petit theft - 812.014(2)(e)
 Battery - 784.03
 Aggravated battery - 784.045
 Assault - 784.011
 Aggravated assault - 784.021
 Display of firearm - 790.07
 Resisting a Merchant - 812.015(6)
812.13(2)(b) Robbery with a Robbery - 812.13(2)(c) Attempt
 weapon Petit theft-812.014(3)(a) Grand theft 1st
 degree - 812.014(2)(a)
 Grand theft 2d degree - 812.014(2)(b)
 Grand theft 3d degree - 812.014(2)(c)
 Petit theft - 812.014(2)(e)
 Battery - 784.03
 Aggravated battery - 784.045
 Assault - 784.011

*133
 Display of weapon - 790.07(1)
 Resisting a merchant - 812.015(6)
812.13(2)(c) Robbery Petit theft-812.014(3)(a) Attempt
812.013(2)(b) Grand theft 1st degree - 812.014(2)(a)
 Grand theft 2d degree - 812.014(2)(b)
 Grand theft 3d degree - 812.014(2)(c)
 Petit theft - 812.014(2)(e)
 Battery - 784.03
 Assault - 784.011
 Aggravated assault - 784.021
 Resisting a merchant - 812.015(6)
812.135 Home invasion Robbery -812.13(2)(c) Petit theft -812.014(2)(e)
 robbery Petit theft-812.014(3)(a)
817.233 Burning to defraud None None
 insurer
817.563 Sale of substance None Attempt
 in place
 of a controlled
 substance
826.04 Incest None Attempt
827.03(1)(a) Aggravated None Attempt
 child abuse child abuse - 827.04(1)
 Battery - 784.03 only
 under certain circumstances
 see Kama v.
 State, 507 So.2d 154
 (Fla. 1st DCA 1987)
827.03(1)(b) Aggravated None Attempt
827.03(1)(c) child Child abuse - 827.04(1)
827.03(1)(d) abuse Battery - 784.03: only
827.04(3) Contributing to None Attempt
 child delinquency
 or dependency
 or to child in
 need of services
827.071(2) Sexual None Attempt
 performance by Sexual performance by a
 a child child - 827.071(5)
827.071(3) Sexual None Attempt
 performance by Sexual performance by a
 a child child - 827.071(5)
827.071(4) Sexual Sexual Attempt
 performance by performance by a
 a child child - 827.071(5)
827.071(5) Sexual None Attempt
 performance by
 a child

*134
831.01 Forgery None Attempt
831.02 Uttering forged None None
 instrument
832.04 Stopping payment; None Attempt, except when
 purchase uttering is charged - 832.04
 of farm or grove under $150
 products
832.041 Stopping payment None Attempt, except when
 with intent uttering is charged
 to defraud 832.04 if farm or grove
 product
 832.041 under $150
 Worthless check - 832.05(2)
 (first degree
 misdemeanor)
832.05(2) Worthless None Attempt, except when
 checks uttering is charged
 832.05(2) under $150
832.05(4) Obtaining property Worthless check-832.05(2) Attempt
 by worthless
 checks
837.012 Perjury not in None None
 official proceeding
837.02 Perjury in official None None
 proceeding
837.021 Perjury by contradictory None None
 statements
837.05 False reports to None None
 law enforcement
 authorities
837.06 False official None None
 statements
838.015(1) Bribery of public None Attempt if only "give" is
 servant charged
838.015 Bribery None Attempt if only "accept"
 is charged
838.016(1) Bribery by a None Attempt if only "give" or
 public servant "accept" is charged
838.016 Unlawful compensation None Attempt if only "give" or
 for official "accept" is charged
 behavior
838.021 Corruption by None Attempt if only harm is
 threat against charged
 public servant
838.12(1) Bribery in athletic None Attempt if only give is
 contests charged
838.12(2) Bribery in athletic None Attempt if only accept is
 contests charged
843.01 Resisting officer None Resisting officer without
 with violence violence - 843.02
843.02 Resisting officer None Attempt
 without violence
849.01 Keeping gambling None Lottery - 849.09(1)(f)
 house Lottery - 849.09(1)(k)

*135
 Lottery - 849.11
849.01 Maintaining a None Lottery - 849.09(1)(f)
(849.02) gambling Lottery - 849.09(1)(k)
 establishment Lottery - 894.11
849.01 Permitting None Lottery - 849.09(1)(f)
(849.02) gambling Lottery - 849.09(1)(k)
 Lottery - 849.11
849.02 Agents, None Lottery - 849.09(1)(f)
 servants, etc., of Lottery - 849.09(1)(k)
 keeper of gambling
 house
849.02 Renting house None None
 for gambling
 purposes
849.03 Renting space None None
 for gambling
849.04 Permitting minors None Permitting gambling on
 and persons billiard or pool table by
 under holder of license - 849.07
 guardianship to Playing at games of
 gamble chance by lot - 849.11
849.08 Gambling None None
849.09(1)(a) Lottery None Lottery - 849.09(1)(f)
 Lottery - 849.09(1)(g)
 Lottery - 849.09(1)(h)
 Lottery - 849.09(1)(i)
 Lottery - 849.09(1)(j)
 Lottery - 849.09(1)(k)
 Playing at game of
 chance by lot - 849.11
 Gambling devices, etc. - 849.231
849.09(1)(b) Lottery None Lottery - 849.09(1)(f)
 Lottery - 849.09(1)(g)
 Lottery - 849.09(1)(h)
 Lottery - 849.09(1)(i)
 Lottery - 849.09(1)(j)
 Lottery - 849.09(1)(k)
 Gambling devices, etc. - 849.231
849.09(1)(c) Lottery None Lottery - 849.09(1)(f)
 Lottery - 849.09(1)(g)
 Lottery - 849.09(1)(h)
 Lottery - 849.09(1)(i)
 Lottery - 849.09(1)(j)
 Lottery - 849.09(1)(k)
 Gambling devices, etc. - 849.231
849.09(1)(d) Lottery None Lottery - 849.09(1)(f)
 Lottery - 849.09(1)(g)
 Lottery - 849.09(1)(h)
 Lottery - 849.09(1)(i)
 Lottery - 849.09(1)(j)
 Lottery - 849.09(1)(k)

*136
 Playing at games of
 chance by lot - 849.11
 Gambling devices, etc. - 849.231
849.09(1)(g) Lottery None None
849.09(1)(h) Lottery None None
849.09(1)(k) Lottery None None
849.14 Betting None None
849.25 Bookmaking None Attempt
(1) and (2)
893.13(1)(a) Sale, manufacture, None Attempt, except when
 delivery or delivery is charged
 possession with 893.13(3) if delivery of
 intent to sell, cannabis is charged;
 manufacture or 893.13(6)(b) if possession
 deliver controlled of cannabis is charged;
 substance 893.13(6)(a) - if possession
 is charged and offense
 would be a second
 degree felony under
 893.13(1)(a)1.
893.13(1)(b) Sale or delivery Sale or delivery of Attempt, except when
 or possession of controlled substance delivery is charged
 more than 10 - 893.13(1)(a) 893.13(6)(a) if possession
 grams of controlled is charged
 substance
893.13(1)(c) Sale, manufacture, Sale, manufacture, Attempt, except when
 delivery, delivery, etc. delivery is charged;
 etc. near public - 893.13(1)(a) 893.13(6)(a) if possession
 or private elementary, is charged and the offense
 middle, would be a second
 or secondary degree felony under
 school 893.13(1)(a); 893.13(6)(b)
 if possession of cannabis
 is charged; 893.13(3) if
 delivery of cannabis is
 charged
893.13(1)(d) Sale, manufacture Sale, manufacture, Attempt, except when
 delivery, delivery, etc. delivery is charged;
 etc. near a college, - 893.13(1)(a) 893.13(6)(a) if possession
 university, is charged and the offense
 other post-secondary would be a second
 educational degree felony under
 institution 893.13(1)(a)1;
 or public 893.13(6)(b) if possession
 park of cannabis is charged;
 893.13(3) if delivery of
 cannabis is charged.
893.13(2)(a) Purchase or None Attempt;
 possession with 893.13(6)(a) if possession
 intent to purchase is charged and the offense
 controlled would be a second
 substance degree felony under
 893.13(2)(a)1 893.13(6)(b)
 if possession of cannabis
 is charged
893.13(2)(b) Purchase in excess 893.13(2)(a) purchase Attempt
 of 10 grams of less than

*137
 of a controlled 10 grams
 substance
893.13(3) Delivery without None None
 consideration
 not more than
 20 grams of cannabis
893.13(4) Delivery of controlled None 893.13(1)(a); 893.13(3) if
 substance delivery of cannabis is
 to person charged.
 under 18 years
 old, etc.
893.13(5) Bringing controlled None Attempt
 substance 893.13(6)(a); 893.14(3) if
 into state delivery of cannabis
 charged; 893.13(6)(b) if
 possession of cannabis
 charged.
893.13(6)(a) Possession of None Attempt; 893.13(3) if delivery
 controlled substance of cannabis
 stance charged; 893.13(6)(b) if
 possession of cannabis
 charged.
893.13(6)(b) Possession of None Attempt
 not more than
 20 grams of cannabis
893.13(6)(c) Possession in Possession of less Attempt 893.13(6)(b) if
 excess of 10 than 10 grams possession of cannabis
 grams of controlled 893.13(6)(a) charged;
 substance
893.13(7)(a) 1, Distribute or None Attempt
2, 3, 4, 5, 6, 7, dispense a controlled
8, 10 and 11 substance,
 etc.
893.13(7)(a) 9 Obtaining controlled None None
 substances
 by fraud
893.135(1)(a) Trafficking in Trafficking offenses Attempt, (but not conspiracy),
 cannabis requiring except when
 lower quantities of delivery is charged
 cannabis-893.135(1)(a) 893.13(1)(a) if sale, manufacture
 1 and 2 or delivery is
 charged
 893.13(2)(a) - if purchase
 is charged
 Bringing cannabis into
 state - 893.13(5)
 Possession of cannabis - 893.13(6)(a)
 - 893.13(6)(b)
 if less than
 20 grams of cannabis
 Delivery of less than 20
 grams of cannabis - 893.13(3)
893.135(1)(b) Trafficking in Trafficking offenses Attempt (but not conspiracy),
1&2 cocaine requiring except when
 lower quantities of delivery is charged;

*138
 cocaine 893.13(1)(a) if sale, manufacture
 893.135(1)(b)1 or delivery
 is charged;
 893.13(2)(a) if purchase
 is charged;
 Bringing cocaine into
 state 893.13(5);
 Possession of cocaine
 893.13(6)(a).
893.135(1)(c) Trafficking in illegal Trafficking offenses Attempt (but not conspiracy),
1&2 drugs requiring except when
 lower quantities of delivery is charged;
 illegal drugs - 893.13(1)(a) if sale,
 893.135(1)(c)1 manufacture or delivery
 is charged;
 893.13(2)(a) if purchase
 is charged;
 Bringing same illegal
 drug as charged into
 state - 893.13(5)
 Possession of same illegal
 drug - 893.13(6)(a).
893.135(1)(d) 1 Trafficking in Trafficking offenses Attempt (but not conspiracy),
 phencyclidine requiring except when
 lower quantities of delivery is charged
 phencyclidine - 893.13(1)(a) if sale, manufacture
 892.135(1)(d)1. or delivery
 and b. is charged
 893.13(2)(a) - if purchase
 is charged;
 Bringing phencyclidine
 into state - 893.13(5);
 Possession of phencyclidine
 - 893.13(6)(a)
893.135(1)(e)1 Trafficking in Trafficking offenses Attempt (but not conspiracy),
 methaqualone requiring except when
 lower quantities of delivery is charged
 methaqualone - 893.13(1)(a) if sale, manufacture
 893.135(1)(e)1.a and or delivery is
 b. charged
 893.13(2)(a) - if purchase
 is charged
 Bringing methaqualone
 into state - 893.13(5)
 Possession of methaqualone
 - 893.13(6)(a)
893.135(1)(f)1 Trafficking in Trafficking offenses Attempt (but not conspiracy),
 amphetamine requiring except when
 lower quantities of delivery is charged
 amphetamine - 893.13(1)(a) - if sale,
 893.135(1)(f)1 a&b manufacture or delivery
 is charged;
 893.13(2)(a) - if purchase
 is charged;
 Bringing amphetamine
 into state - 893.13(5);
 Possession of amphetamine
 - 893.13(6)(a)

*139
893.147(1) Possession of None Attempt
 drug paraphernalia
893.147(2) Delivery, possession None Attempt, except when
 with intent delivery is charged.
 to deliver,
 or manufacture
 with intent to
 deliver drug
 paraphernalia
893.147(3) Delivery of drug None None
 paraphernalia to
 a minor
893.147(4) Advertisement None None
 of drug paraphernalia
893.149 Unlawful possession, None Attempt
 etc., of
 listed chemical
895.03(1) RICO - Use or None None
 investment of
 proceeds from
 pattern of racketeering
 activity
895.03(1) RICO - Use or None None
 investment of
 proceeds from
 collection of unlawful
 debt
895.03(2) RICO - Acquisition None None
 or maintenance
 through
 pattern of racketeering
 activity
895.03(2) RICO - None None
 Acquisition or
 maintenance
 through collection
 of unlawful
 debt
895.03(3) RICO - Conduct None None
 or participation
 in an enterprise
 through collection
 of unlawful
 debt
895.03(3) RICO - Conduct None None
 or participation
 in an enterprise
 through a pattern
 of racketeering
 activity
895.03(4) Conspiracy to None None
 engage in pattern
 of racketeering
 activity
944.40 Escape None None

*140
944.47 Contraband in None Possession of less than
 state correctional 20 grams cannabis - 893.13(6)(b)
 institution
951.22 Contraband in None Possession of less than
 county detention 20 grams cannabis - 893.13(6)(b)
 facilities

 DURESS OR NECESSITY
 An issue in this case is whether (defendant) acted out of
 [duress][necessity] in committing the crime of (crime charged)
 (lesser included offenses).
 It is a defense to the (crime charged) (lesser included offenses) if
 the defendant acted out of [duress] [necessity]. In order to find
 the defendant committed the (crime charged) (lesser included
 offense) out of [duress][necessity], you must find the following
 six elements:
 1. the defendant reasonably believed [a danger][an emergency]
 existed which was not intentionally caused by
 [himself][herself].
 2(a). the [danger][emergency] threatened significant harm to
 [himself][herself][a third person]. (or)
Give 2(b) if 2(b). the [danger][emergency] threatened death or serious
escape bodily injury.
charged
 3. The threatened harm must have been real, imminent and
 impending.
Give 4(a) 4(a). the defendant had no reasonable means to avoid the
if escape [danger][emergency] except by committing the (crime
not charged charged) (lesser included offenses).
Note to If escape is charged, the court must first determine whether the
Judge defendant has satisfied the conditions precedent enumerated in
 Muro v. State, 445 So. 2d 374 (Fla. 3d DCA 1984) and Alcantaro v.
 State, 407 So. 2d 922 (Fla. 1st DCA 1981) and if so, give 4b.
 4(b). the defendant left
 [the place of [his][her] confinement][the vehicle in
 which [he][she] was being transported]
 [to][from][his][her] work on a public road]
 because [he][she] reasonably believed that escape
 was necessary to avoid the danger of death or
 serious injury, rather than with the intent to elude
 lawful authority.
 5. the (crime charged) (lesser included offenses) must
 have been committed out of [duress][necessity] to
 avoid the [danger][emergency].
 6. The harm that the defendant avoided must outweigh
 the harm caused by committing the (crime
 charged) (lesser included offenses).
*141
Definitions "Imminent and impending" means the [danger][emergency]
 is about to take place and cannot be avoided by using other
 means. A threat of future harm is not sufficient to prove this
 defense. Nor can the defendant use the defense of [duress][necessity]
 if [he][she] committed the crime after the danger from
 the threatened harm had passed.
 The reasonableness of the defendant's belief that [a danger][an
 emergency] existed should be examined in the light of
 all the evidence.
 In deciding whether it was necessary for the defendant to
 commit the (crime charged) (lesser included offenses), you must
 judge the defendant by the circumstances by which [he][she]
 was surrounded at the time the crime was committed.
 The [danger][emergency] facing the defendant need not
 have been actual; however to justify the commission of the
 (crime charged) (lesser included offenses), the appearance of the
 [danger][emergency] must have been so real that a reasonably
 cautious and prudent person under the same circumstances
 would have believed that the [danger][emergency] could be
 avoided only by committing the (crime charged) (lesser included
 offenses). Based upon appearances, the defendant must have
 actually believed that the [danger][emergency] was real.
 If you find from the evidence that the defendant committed
 the (crime charged) (lesser included offenses) out of [duress][necessity],
 you should find the defendant not guilty.
 However if you find that the defendant did not commit the
 (crime charged) (lesser included offenses) out of [duress][necessity]
 you should find the defendant guilty if all the elements of
 the charge have been proved.
Note to Duress is not a defense to an intentional homicide. See Wright v.
Judge State, 402 So. 2d 193 (Fla. 3d DCA 1981).
PENALTY PROCEEDINGS-CAPITAL CASES
After the first paragraph on page 114 of the manual, the following additional
language is proposed:
Note to Give before a new penalty phase jury
Judge
 [A reasonable doubt is not a mere possible doubt, a speculative,
 imaginary or forced doubt. Such a doubt must not influence
 you to disregard an aggravating circumstance if you have
 an abiding conviction that it exists. On the other hand, if, after
 carefully considering, comparing and weighing all the evidence,
 you do not have an abiding conviction that the aggravating
 circumstance exists, or if, having a conviction, it is one which is
 not stable but one which wavers and vacillates, then the aggravating
 not stance has not been proved beyond a reasonable0
 doubt and you should disregard it, because the doubt is reasonable.
 It is to the evidence introduced in this proceeding, and to it
 alone, that you are to look for that proof.
*142
 A reasonable doubt as to the existence of an aggravating
 circumstance may arise from the evidence, conflicts in the
 evidence or the lack of evidence.
 If you have a reasonable doubt as to the existence of an
 aggravating circumstance, you should find that it does not exist.
 However, if you have no reasonable doubt, you should find that
 the aggravating circumstance does exist and give it whatever
 weight you feel it should receive.]
3.04(c)(2) ENTRAPMENT
Note to This instruction is to be used for offenses occurring on or
Judge after October 1, 1987.
 The defense of entrapment has been raised. (Defendant) was
 entrapped if
 1. [he] [she] was, for the purpose of obtaining evidence
 of the commission of a crime, induced or encouraged
 to engage in conduct constituting the crime of (crime
 charged), and
 2. [he] [she] engaged in such conduct as the direct result
 of such inducement or encouragement, and
 3. the person who induced or encouraged [him] [her] was
 a law enforcement officer or a person engaged in
 cooperating with or acting as an agent of a law
 enforcement officer, and
 4. the person who induced or encouraged [him] [her]
 employed methods of persuasion or inducement which
 created a substantial risk that the crime would be
 committed by a person other than one who was ready
 to commit it, and
 5. (defendant) was not a person who was ready to commit
 the crime.
When claim It is not entrapment if (defendant) had the predisposition to
of entrapment commit the (crime charged). (Defendant) had the predisposition
no defense if before any law enforcement officer or person acting for the
 er persuaded, induced, or lured (defendant), [he] [she] had a
 ness or willingness to commit (crime charged) if the opportunity
 nted itself.
When claim It is also not entrapment merely because a law enforcement
of entrapment officer in a good faith attempt to detect crime
no defense
Give a, b, (a) [provided the defendant the opportunity, means and
or c as facilities to commit the offense, which the defendant
applicable intended to commit and would have committed otherwise.]
 (b) [used tricks, decoys or subterfuge to expose the defendant's
 oriminal acts.]
 (c) [was present and pretending to aid or assist in the
 commission of the offense.]
 On the issue of entrapment, the defendant must prove to
 you by a preponderance the greater weight of the evidence that
 his criminal conduct occurred as the result of entrapment. a
 law enforcement officer or agent induced or encouraged the
 crime charged. Greater weight of the evidence means that
 evidence which is more persuasive and convincing. If the defendant
 does so, the State must prove beyond a reasonable doubt
*143
 that the defendant was predisposed to commit the (crime charged).
 The state must prove defendant's predisposition to commit the
 (crime charged) existed prior to and independent of the enducement
 or encouragement.
Give if An informant is an agent of law enforcement for purposes
applicable of the entrapment defense.
 If you find that the defendant was entrapped, you should
 find the defendant not guilty of (crime charged). If, however,
 you find that the defendant was not entrapped, you should find
 the defendant guilty if all of the elements of the charge have
 been proved.
Note to This instruction should be given only if there is some evidence of
Judge the defendant's lack of predisposition to commit the crime. See
 Munoz v. State, 629 So.2d 90 (Fla. 1993).
FALSE IMPRISONMENT
F.S. 787.02
 Before you can find the defendant guilty of False Imprisonment,
 the State must prove the following threetwo elements
 beyond a reasonable doubt:
Elements 1. (Defendant) [forcibly] [secretly] [by threat] [confined]
 [abducted] [imprisoned] [restrained] (victim) against
 [his] [her] will.
 2. (Defendant) had no lawful authority.
Give (a),(b), 3. (Defendant) acted for any purpose other than to:
(c) or (d) as
applicable
 a. hold for ransom or reward or as a shield or
 hostage.
 b. commit or facilitate commission of any felony,
 c. inflict bodily harm upon or to terrorize the victim
 or another person.
 d. interfere with the performance of any governmental
 or political function.
Read only if Confinement of a child under the age of thirteen (13) is
confinement against [his] [her] will if such confinement is without the
is consent of [his] [her] parent or legal guardian.
alleged and
child is
under 13
thirteen years
of age.
FELONY DUIPRIOR CONVICTIONS
F.S. 316.193(2)(b)
 Before you can find the defendant guilty of DUI, the State
 must prove the following two elements beyond a reasonable
 doubt:
Elements 1. (Defendant) drove or was in actual physical control of
 a vehicle.
 2. While driving or in actual physical control of the
 vehicle, (defendant)
Give 2a a. [ was under the influence of [alcoholic beverages]
and/or 2b as [a chemical substance] [a controlled substance] to
*144
applicable the extent that [his] [her] normal faculties were
 impaired.] or
 b. [had a blood or breath alcohol level of 0.10 0.08
 percent or higher.]
Definitions; "Vehicle" is any device in, upon, or by which any person or
give as property is or may be transported or drawn upon a highway,
applicable except devices used exclusively upon stationary rails or tracks.
F.S.
316.003(75) "Normal faculties" mean those faculties of a person, such
 as include but are not limited to the ability to see, hear, walk,
 talk, judge distances, drive an automobile, make judgments, act
 in emergencies and, in general, to normally perform the many
 mental and physical acts of our daily lives.
 "Actual physical control of a vehicle" means the defendant
 must be physically in or on the vehicle and have the capability to
 operate the vehicle, regardless of whether [he] [she] is actually
 operating the vehicle at the time.
 "Alcoholic beverages" are considered to be substances of
 any kind and description which contain alcohol.
F.S. ( ) is a chemical substance under Florida law.
877.111(1)
Ch. 893, ( ) is a controlled substance under Florida law.
Note to In appropriate cases, an instruction may be given on one or
Judge more of the presumptions of impairment established by F.S.
 316.1934(2)(a), (2)(b), and (2)(c), as follows:
 (2)(a)1. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.05 percent or less, you
 shall presume that the defendant was not under the influence of
 alcoholic beverages to the extent that [his] or [her] normal
 faculties were impaired.
 (2)(b)2. If you find from the evidence that the defendant
 had a blood or breath alcohol level in excess of 0.05 percent but
 less than 0.08 percent, you may consider that evidence with other
 competent evidence in determining whether the defendant was
 under the influence of alcoholic beverages to the extent that
 [his] or [her] normal faculties were impaired; or,
 (2)(c)3. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.08 percent or more, that
 evidence would be sufficient by itself to establish that the
 defendant was under the influence of alcohol to the extent that
 [his] or [her] normal faculties were impaired. However, such
 evidence may be contradicted or rebutted by other evidence.
 These presumptions may be considered along with any other
 evidence presented in deciding whether the defendant was under
 the influence of alcoholic beverages to the extent that [his] or
 [her] normal faculties were impaired.
Defense of It is a defense to the charge of driving or being in actual
inoperability; physical control of a vehicle while under the influence if at the
give if applicable time of the alleged offense the vehicle was inoperable.
*145
 However, it is not a defense if, while impaired, the defendant
 drove or was in actual physical control of the vehicle before
 it became inoperable.
 Therefore, if you are not convinced beyond a reasonable
 doubt that the vehicle was operable at the time of the alleged
 offense, you should find the defendant not guilty.
 However, if you are convinced that the vehicle was operable
 at the time of the alleged offense, then you should find the
 defendant guilty if all the other elements of the charge have
 been proved beyond a reasonable doubt.
FELONY DUI- SERIOUS BODILY INJURY
F.S. 316.193(3)(c)(2)
 Before you can find the defendant guilty of DUI with
 Causing Serious Bodily Injury, the State must prove the following
 three elements beyond a reasonable doubt:
Elements 1. (Defendant) drove or was in actual physical control of
 a vehicle.
 2. While driving or while in actual physical control of
 the vehicle, (defendant)
Give 2a or a. [was under the influence of [alcoholic beverages]
2b as [a chemical substance] [a controlled substance] to
applicable the extent that [his] [her] normal faculties were
 impaired.] or
 b. [had a blood or breath alcohol level of 0.10 0.08
 percent or higher.]
 3. As a result (defendant) caused serious bodily injury to
 (victim).
Definitions; "Vehicle" is any device in, upon, or by which any person or
give as property is or may be transported or drawn upon a highway,
applicable except devices used exclusively upon stationary rails or tracks.
F.S. "Normal faculties" mean those faculties of a person, such
316.003(75) as include but are not limited to the ability to see, hear, walk,
 talk, judge distances, drive an automobile, make judgments, act
 in emergencies and, in general, to normally perform the many
 mental and physical acts of our daily lives.
 "Actual physical control of a vehicle" means the defendant
 must be physically in or on the vehicle and have the capability to
 operate the vehicle, regardless of whether [he][she] is actually
 operating the vehicle at the time.
 "Alcoholic beverages" are considered to be substances of
 any kind and description which contain alcohol.
F.S. ( ) is a chemical substance under Florida law.
877.111(1)
Ch. 893, ( ) is a controlled substance under Florida law.
F.S.
F.S. 316.1933 "Serious bodily injury" means a physical condition that
 creates a substantial risk of death, serious personal disfigurement,
 or protracted loss or impairment of the function of any
 bodily member or organ.
Note to In appropriate cases, an instruction may be given on one or
Judge more of the presumptions of impairment established by F.S.
 316.1934(2)(a), (2)(b), and (2)(c), as follows:
*146
 (2)(a)1. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.05 percent or less, you
 shall presume that the defendant was not under the influence of
 alcoholic beverages to the extent that [his] or [her] normal
 faculties were impaired.
 (2)(b)2. If you find from the evidence that the defendant
 had a blood or breath alcohol level in excess of 0.05 percent but
 less than 0.08 percent, you may consider that evidence with other
 competent evidence in determining whether the defendant was
 under the influence of alcoholic beverages to the extent that
 [his] or [her] normal faculties were impaired; or
 (2)(c)3. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.08 percent or more, that
 evidence would be sufficient by itself to establish that the
 defendant was under the influence of alcohol to the extent that
 [his] or [her] normal faculties were impaired. However, such
 evidence may be contradicted or rebutted by other evidence.
 These presumptions may be considered along with any other
 evidence presented in deciding whether the defendant was under
 the influence of alcoholic beverages to the extent that [his] or
 [her] normal faculties were impaired.
Defense of It is a defense to the charge of driving or being in actual
inoperability; physical control of a vehicle while under the influence if at the
give if applicable time of the alleged offense the vehicle was inoperable.
 However, it is not a defense if, while impaired, the defendant
 drove or was in actual physical control of the vehicle before
 it became inoperable.
 Therefore, if you are not convinced beyond a reasonable
 doubt that the vehicle was operable at the time of the alleged
 offense, you should find the defendant not guilty.
 However, if you are convinced that the vehicle was operable
 at the time of the alleged offense, then you should find the
 defendant guilty if all the other elements of the charge have
 been proved beyond a reasonable doubt.
DUI MANSLAUGHTER
F.S. 316.193(3)(c)3
 Before you can find the defendant guilty of DUI Manslaughter,
 the State must prove the following three elements beyond a
 reasonable doubt:
Elements 1. (Defendant) operated drove or was in actual physical
 control of a vehicle.
See Magaw 2. (Defendant), by reason of such operation, caused or
v. State, contributed to the cause of the death of (victim). While
537 So.2d driving or while in actual physical control of the
564 (Fla. vehicle, (defendant)
1989)
Give 2(a) or a. was under the influence of [alcoholic beverages]
2(b) as [a chemical substance] [a controlled substance] to
applicable the extent that [his] [her] normal faculties were
 impaired, or
 b. had a blood or breath alcohol level of 0.08 or
 higher.
Give 3a and 3. At the time of such operation(defendant)
or 3b as applicable
 a. [was under the influence of [alcoholic beverages]
 [a chemical substance] [a controlled substance]
 to
*147
 the extent that [his] [her] normal faculties were
 impaired.]
 b. [had a blood or breath alcohol level of 0.10 percent
 or higher.]
See Magaw As a result, (defendant) caused or contributed to the
v. State, cause of the death of (victim).
537 So.2d
564 (Fla.
1989)
Definitions; "Vehicle" is any device in, upon, or by which any person or
give as property is or may be transported or drawn upon a highway,
applicable except devices used exclusively upon stationary rails or tracks.
F.S. "Normal faculties" mean those faculties of a person such as
316.003(75) include but are not limited to the ability to see, hear, walk, talk,
 judge distances, drive an automobile, make judgments, act in
 emergencies and, in general, to normally perform the many
 mental and physical acts of our daily lives.
 "Actual physical control of a vehicle" means the defendant
 must be physically in or on the vehicle and have the capability to
 operate the vehicle, regardless of whether [he] [she] is actually
 operating the vehicle at the time.
 "Alcoholic beverages" are considered to be substances of
 any kind and description which contain alcohol.
F.S. ( ) is a chemical substance under Florida law.
877.111(1)
Ch. 893, ( ) is a controlled substance under Florida law.
F.S.
Note to In appropriate cases, an instruction may be given on one or
Judge more of the presumptions of impairment established by F.S.
 316.1934(2)(a), (2)(b), and (2)(c), as follows:
 (2)(a)1. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.05 percent or less, you
 shall presume that the defendant was not under the influence of
 alcoholic beverages to the extent that [his] or [her] normal
 faculties were impaired.
 (2)(b)2. If you find from the evidence that the defendant
 had a blood or breath alcohol level in excess of 0.05 percent but
 less than 0.08 percent, you may consider that evidence with other
 competent evidence in determining whether the defendant was
 under the influence of alcoholic beverages to the extent that
 [his] or [her] normal faculties were impaired; or,
 (2)(c)3. If you find from the evidence that the defendant
 had a blood or breath alcohol level of 0.08 percent or more, that
 evidence would be sufficient by itself to establish that the
 defendant was under the influence of alcohol to the extent that
 [his] or [her] normal faculties were impaired. However, such
 evidence may be contradicted or rebutted by other evidence.
 These presumptions may be considered along with any other
 evidence presented in deciding whether the defendant was under
 the influence of alcoholic beverages to the extent that [his] or
 [her] normal faculties were impaired.
Defense of It is a defense to the charge of driving or being in actual
inoperability; physical control of a vehicle while under the influence if at the
give if applicable time of the alleged offense the vehicle was inoperable,
 However, it is not a defense if, while impaired, the defendant
 drove or was in actual physical control of the vehicle before
 it became inoperable.
*148
 Therefore, if you are not convinced beyond a reasonable
 doubt that the vehicle was operable at the time of the alleged
 offense, you should find the defendant not guilty.
 However, if you are convinced that the vehicle was operable
 at the time of the alleged offense, then you should find the
 defendant guilty if all the other elements of the charge have
 been proved beyond a reasonable doubt.
UNLAWFUL SEXUAL ACTIVITY WITH CERTAIN MINORS
F.S. 794.05 [NEW]
 Before you can find the defendant guilty of sexual activity
 with a minor, the State must prove the following three elements
 beyond a reasonable doubt:
Elements 1. (Victim) was 16 or 17 years of age.
 2. (Defendant) was age 24 or older.
 3. [(Defendant) engaged in sexual activity with a minor in
 which the sexual organ of the [(defendant)] [(victim)]
 penetrated or had union with the [anus] [vagina]
 [mouth] of the [(victim)] [(defendant)].
Give if Sexual activity does not include an act done for a bona fide
applicable medical purpose.
NOTES
[1] The revised schedule completely replaces the present version. The entire schedule, which is included in the appendix to this opinion, has been reorganized chronologically by statute number and also includes substantive changes.